IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 06-10010-01-WEB |
| | ) |
| ALEJANDRO GARCIA-GONZALES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### Memorandum and Order

This matter came before the court on the defendant's motion for a downward departure. The court orally denied the motion at the sentencing hearing of June 26, 2006. This written memorandum will supplement the court's oral ruling.

The defendant pled guilty to one count of being found unlawfully in the United States after having been convicted of an aggravated felony and deported, in violation of 8 U.S.C. § 1326(a) and (b)(2). The Presentence Report determined that his advisory guideline range was 46-57 months' imprisonment based upon a total offense level of 21 and a Criminal History Category of III.

Defendant argues a downward departure is warranted under USSG § 4A1.3 because his criminal history computation over-states the seriousness of his actual past conduct. He also contends there are other factors warranting a reduced sentence, such as "double-counting" of his prior aggravated felony offense and circumstances taking his offense outside the "heartland" of cases covered by the guidelines. Defendant further claims his prior Colorado conviction for felony menacing -- the aggravated felony conviction to which he admitted at the time of his guilty plea in the instant case -- was not based upon on

a knowing and voluntarily plea of guilty, but was the result of his desire to expedite the case and get back to Mexico as quickly as possible. Defendant argues that a sentence of 30 months' imprisonment, rather than a sentencing within the guideline range, would be appropriate in this case.

The court finds that a departure is not warranted in this case. Section 4A1.3 provides that a downward departure may be warranted if information indicates the defendant's criminal history category substantially over-represents the seriousness of his criminal history or the likelihood that he will commit other crimes. The defendant has a prior history that includes convictions for assault and felony menacing, as well as a history of unlawfully entering the United States. A criminal history category of III does not over-state the serious nature of his history or the likelihood that he will commit future crimes. Moreover, this case appears to fall squarely within the heartland of cases covered by the guidelines. And although the guidelines are advisory and the court is not obligated to follow them, the court finds a sentence within the guideline range is appropriate based on all of the factors in Section 3553(a), including the need to protect the public from further crimes of the defendant, to afford adequate deterrence to criminal conduct, and to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

Defendant's claim that his prior conviction for felony menacing resulted from an involuntary plea of guilty is unavailing. Defendant apparently did not challenge this conviction either on direct or collateral review. And he makes no allegation or showing now that he was deprived of the right to counsel in connection with the conviction. Under the circumstances, defendant cannot collaterally attack his prior conviction at this stage of the proceeding. *See United States v. Delacruz-Soto*, 414 F.3d 1158, 1167 (10th Cir. 2005) ("[w]ith the exception of a collateral attack based on the complete denial of counsel, a

district court sentencing a defendant under 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(A) cannot consider a collateral attack on a prior conviction.").

*Conclusion*.

Defendant's Motion for Downward Departure (Doc. 15) is DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this  27th  Day of June, 2006, at Wichita, Ks.

                                        s/Wesley E. Brown
                                        Wesley E. Brown
                                        U.S. Senior District Judge